Emily Tonge vs. Charles E. Salisbury } No. 87,289.

July 7, 1933.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $981.39.

This is an action in which plaintiff seeks to recover for services rendered defendant's ward from, approximately, December, 1925, to the latter part of August, 1927, a period of 89 weeks.

There is no question that services were rendered by the plaintiff to defendant's ward, Ella J. Heathcote, during the period mentioned. The question is as to the obligation of the defendant with respect thereto.

Charles E. Salisbury was appointed temporary guardian of the person and estate of Ella J. Heathcote by the Municipal Court of the City of Providence on March 3, 1913. Apparently all parties in interest were willing to allow him to remain in that position.

In 1925, Ella, a woman 68 or 69 years of age, of weak mentality, was living with her two aunts, Anne and Margaret Barbour. In November of that year Anne died and, according to the testimony, Ella at that time went over to Mrs. Tonge's house to get her assistance. Mr. Tonge was a neighbor and besides, through her marriage, was distantly related to Ella. Mrs. Tonge went to the Barbour house at that time. Later in the same month Margaret died and Mrs. Tonge either stayed on or returned at her death. A few days after Margaret's death Mr. Salisbury went to the house and, as Mrs. Tonge testified, asked her if she would like to stay with Ella until about the end of the year. She assented. At the same time Mr. Salisbury asked Ella if she would give to Mrs. Tonge the ten dollars to run the house which he was accustomed to give her for that purpose. Ella consented to do this. Nothing was said about wages for Mrs. Tonge.

Mrs. Tonge did not see Mr. Salisbury again for about six months, when she saw him either at his office or at the bank. At that time she asked him who was going to pay her and she testified that Mr. Salisbury said that he thought the ten dollars took care of her but that he would see what the Court would allow her. She presented no bill until after her services were concluded.

It is clear that the matter of wages was not mentioned on the first meeting of the parties in 1925. The Court has no difficulty in reaching the conclusion that Mr. Salisbury was clear in his own mind as to the arrangement that he made with Mrs. Tonge in the beginning. He was to pay $10 per week as he had been doing and nothing more. Out of this Mrs. Tonge was to get for herself what she could salvage. She was at least getting her board. The duty of the Court, however, at this stage of the proceeding, is to determine whether the jury was justified in reaching the decision which it did reach. Might a person in Mrs. Tonge's position and under all the circumstances testified to, fairly and reasonably assume that she was to be paid for her services as such? After a careful consideration of the testimony the Court has reached the conclusion that the jury might fairly render the verdict given in this case.

Mr. Salisbury evidently had a purpose in going to Ella's house after the death of Margaret. As Ella's guardian he wanted someone to be with her. In the absence of words negativing the idea of wages for Mrs. Tonge, the Court cannot say that Mrs. Tonge might not have expected to be compensated for her services. The ten dollars was primarily for running the house. She was a relative only by marriage and such tie as existed is not ordinarily of sufficient strength to cause one to render services for another such as the testimony shows were given by Mrs. Tonge to Ella J. Heathcote.

When Mrs. Tonge and Mr. Salisbury met in May, 1926, the latter was evidently genuinely surprised that Mrs. Tonge was seeking wages but he did not dismiss her and, according to her testimony, said that he would see what the Court would allow her.

In this case services were admittedly rendered to defendant's ward. At the initial interview between the parties the language used was not so exact that one of them might not reasonably infer that the other intended to compensate her directly for her services. At the interview six months later, when it became apparent that compensation was expected, there was no refusal to accept further services. The guardian was benefited undoubtedly by the services rendered.

Upon all the testimony the Court thinks there was evidence justifying the jury in finding that Mrs. Tonge had a right to assume from all the circumstances attending the rendition of her services that Mr. Salisbury expected and intended to pay for them directly as such and that she was not to benefit only from the ten dollars per week paid for the current expenses of the household.

The verdict of the jury does substantial justice between the parties and defendant's motion is therefore denied.

For plaintiff: Messrs. Gardner Moss & Haslam.

For defendant: W. Louis Frost.